[Cite as *Cheng v. Haney*, 2017-Ohio-199.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LI CHENG, et al. | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiffs-Appellees | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16 CAE 06 0025 |
| TIMOTHY HANEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  14 CVH 100735


JUDGMENT:     Dismissed


DATE OF JUDGMENT ENTRY:     January 18, 2017


APPEARANCES:

For Plaintiffs-Appellees     For Defendant-Appellant

MICHAEL J. ANTHONY     DAVID G. BALE
VINCENT P. ZUCCARO     BALE AND ASSOCIATES
ANDREW D. RANDOL     392 Office Parkway, Suite B
ANTHONY LAW, LLC     Westerville, Ohio  43082
383 North Front Street, LL
Columbus, Ohio  43215     WILLIAM F. MCGINNIS
Post Office Box 2202
Westerville, Ohio  43086-2202

*Wise, P. J.*

{¶1}   Defendant-Appellant Timothy Haney appeals the May 16, 2016, decision of the Court of Common Pleas, Delaware County, dismissing his cross-claims against Plaintiffs-Appellees Li Cheng and Smart Art America, LLC.

**STATEMENT OF THE FACTS AND CASE**

{¶2}   In January, 2010, Plaintiff-Appellee Li Cheng began a business relationship with Defendant-Appellant Timothy Haney. Under their agreement, Appellant designed consumer goods which were proposed to Appellee to be manufactured by the Appellee's Chinese factory. Appellee is a resident of China. Appellant lived in Kentucky at the time they began discussing the agreement.

{¶3}   The parties entered into a joint venture agreement. Appellee and Appellant agreed to move the joint venture to a larger metropolitan area in Central Ohio, with which Appellant was familiar and Appellee was satisfied.

{¶4}   The parties also formed Smart Art America, LLC, (SAA) as an Ohio limited liability corporation to facilitate the business and give it an American contracting entity. Appellee Cheng and Appellant Haney each claim to be the sole owner of SAA.

{¶5}   On October 3, 2014, Appellee filed a Complaint against Appellant in the Delaware Common Pleas Court alleging claims of fraud, dishonesty, theft, and conversion. Appellee also alleged he was the sole owner of SAA and Appellant's employer.

{¶6}   On October 24, 2014, Appellee also filed an action of forcible entry and detainer (FE&D) against Appellant in the Delaware Municipal Court. Due to the interconnection of the residential and commercial claims and Appellant's counterclaim in

excess of the Municipal Court jurisdiction, the FE&D action was transferred to the Delaware County Court of Common Pleas.

{¶7}    On October 30, 2014, Appellant filed his Answer denying the claims.

{¶8}    On January 2, 2015, Appellant filed a Motion for his First Amended Answer and Counterclaim.

{¶9}    Appellee filed a Memorandum Contra to Defendant and Counterclaimant's Motion to amend his Answer on January 16, 2015.

{¶10}  In addition, the "Plaintiff Intervenor" Smart Art America LLC filed a Motion for Leave to file its Intervention Crossclaim against Li Cheng on January 2, 2015, by and through Appellant as its purported sole owner and chief officer. Appellee filed a Memorandum Contra on January 16, 2015.

{¶11}  Thereafter, Appellee's counsel withdrew from representation of Appellee while asserting Appellee failed to communicate with counsel or compensate them for legal representation. Appellee's counsel provided contact information for future legal service on Appellee. Appellee's counsel were permitted by the Court to withdraw from further representation of Appellee on May 27, 2015.

{¶12}  Subsequently, the trial court granted SAA's Intervenor and Cross-claimant's motion, as Plaintiff, granting its motion to intervene against Appellee on June 8, 2015. The Court's order granting the motion to Intervene was served on Appellee by the Delaware County Common Pleas Clerk of Court by regular mail at the address provided by Appellee at the time of withdrawal of Appellee's counsel.

{¶13} On May 19, 2015, the trial court ordered a hearing on Appellee's eviction claims, to be heard on June 1, 2015. Appellee was served notice at the address provided for him pro se.

{¶14} Appellee failed to appear for the June 1, 2015, hearing and his forcible detainer claims were dismissed by the trial court with prejudice on June 8, 2015. In addition, following withdrawal of Appellee's counsel, Appellee failed to respond to any of the pleadings or engage in prosecuting his action.

{¶15} On July 13, 2015, Appellant and SAA moved for Default Judgment against Appellee.

{¶16} On July 28, 2015, Appellant's and SAA's motion for default judgment was granted by the trial court. A hearing on the issue of damages was scheduled for September 21, 2015.

{¶17} On September 21, 2015, the first day of the damages hearing, the attorneys who had originally represented Appellee filed a notice of appearance.

{¶18} Throughout the damages hearing, Appellee Cheng's attorneys contended that Cheng is the rightful owner of SAA, and that Appellant Haney and his attorneys have no authority to claim any interest in SAA or to speak on that company's behalf.

{¶19} On February 12, 2016, Appellee Cheng moved the trial court to reconsider its prior ruling in (1) granting Appellant's motion to intervene in SAA's behalf and (2) entering default judgment against Appellee Cheng.

{¶20} On February 17, 2015, Appellant filed a Memorandum in Opposition in which he stated that he "simply reincorporate[d] the prior arguments presented to the court in January 2016."

**{¶21}** On May 16, 2016, the trial court granted Appellee's motion for reconsideration. In its Judgment Entry, the trial court stated:

I conclude that Cheng has presented sound arguments supporting his request that I undo the default judgments against him last summer. First, of course, the orders granting default judgments to Haney and to SAA against Cheng were interlocutory orders that did not conclude the proceedings in this case. Second, Cheng's apparent four-month lack of attention to - and lack of legal representation in - this case was short-lived, and he has both before May 12, 2015 and after September 21, 2015 vigorously pursued his claims and defenses here. Third, he raised his request that I vacate the default judgments within a reasonable time, bringing that request to me in February 2016 even before the hearing on damages had concluded. And finally, I conclude after considering the evidence presented at the four-day damages hearing that Cheng has meritorious claims and defenses to present in the case, and preventing him from raising those arguments would lead to an unjust outcome in the case.

**{¶22}** Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

**{¶23}** "I. THE TRIAL COURT ERRED IN SUA SPONTE DISMISSAL OF SMART ART AMERICA LLC'S (SAA) CROSSCLAIM, AND FINDING APPELLANT HAD NO INTEREST IN SAA, WHILE ALSO FINDING APPELLEE IS THE OWNER OF SAA, BASED ON EVIDENCE PRESENTED AT A DAMAGES HEARING, PURSUANT TO

APPELLEE'S DEFAULT IN ANSWERING APPELLANT'S COUNTERCLAIM AND SAA'S CROSSCLAIM."

{¶24}  There are also two motions pending before this Court:  Appellees' Motion to Dismiss Appeal and Appellees' Motion for Sanctions.  We shall address the motion to dismiss simultaneously with this Opinion.  The motion for sanctions is overruled.

**I.**

{¶25}  In his sole Assignment of Error, Appellants argues that the trial court erred in *sua sponte* dismissing his cross-claim. We disagree.

{¶26}  As a preliminary matter, we must determine whether the decision under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).

{¶27}  Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. *See*, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. ***

**{¶28}** To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. §2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, as is the case here, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 101. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

**{¶29}** Upon review, we conclude the trial court's judgment does not determine the action. The trial court's entry did not determine the action because claims between the parties remain pending. Finally, the trial court did not include Civil Rule 54(B) language in its judgment entry. Thus, the judgment was not a final appealable order.

**{¶30}** Based on the foregoing, the judgment appealed from is not a final, appealable order and this Court, therefore, lacks jurisdiction to address the assignments of error.

**{¶31}** Accordingly, the appeal is dismissed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.

JWW/d 1230